UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ELIJAH MIMS                                    Index No.:

                      Plaintiff,              **COMPLAINT**

         *-against-*                        Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1 and
POLICE OFFICER JOHN DOE #2

                    Defendants.

---------------------------------------------------------X

      Plaintiff, ELIJAH MIMS, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action in which the plaintiff, ELIJAH MIMS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about November 3, 2018 in the vicinity of 811 Flushing Avenue in Brooklyn, County of Kings, at approximately 5:00 P.M., plaintiff ELIJAH MIMS was lawfully present on the sidewalk when he was approached by defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, both uniformed members of the New York Police Department assigned to Police Service Area 3.

10. Defendants immediately announced to plaintiff that he was wanted on a warrant.

11. Plaintiff stated that this was impossible and insisted that there was no warrant for his arrest.

12. Defendants placed plaintiff in handcuffs and put him in the back of a police vehicle.

13. Plaintiff was transferred to PSA 3 and placed in a holding cell.

14. Eventually plaintiff was removed from the cell and told that he was free to go.

15. At no time during this incident did plaintiff commit any act for which he could be arrested.

16. As a result of this incident, plaintiff suffered a period of false imprisonment lasting approximately five hours.

## AS FOR A FIRST CAUSE OF ACTION

*False arrest as against all defendants*

17. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

18. At all times during the events described above defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 lacked probable cause to arrest plaintiff.

19. All of the aforementioned acts of defendants were carried out under the color of state law.

20. All of the aforementioned acts of the defendants deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

21. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

22. The acts complained of deprived plaintiff of his right to be free from false arrest and resulted in a period of false imprisonment lasting approximately twenty-four hours.

## AS FOR A SECOND CAUSE OF ACTION

*Monell Claim for municipal liability as against the City of New York*

23. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

24. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

25. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to make arrests without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

26. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

27. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

28. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: January 17, 2019
       Brooklyn, NY

       By:    */s/Alexis G. Padilla*
               Alexis G. Padilla, Esq. [AP8285]
               *Attorney for Plaintiff*
               *Elijah Mims*
               575 Decatur Street #3
               Brooklyn, NY 11233
               (917) 238-2993
               alexpadilla722@gmail.com